# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-KA-00081-SCT

*TYRELL VASHION EACHOLES a/k/a TYRELL*
*EACHOLES a/k/a TYRELL VASHION EACHOLS*
*a/k/a TINY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/10/2024 |
| TRIAL JUDGE: | HON. GRADY FRANKLIN TOLLISON, III |
| TRIAL COURT ATTORNEYS: | BENJAMIN ALLEN SUBER |
| | MARY ANN CONNELL |
| | PAUL MASON WAGES |
| | BENJAMIN F. CREEKMORE |
| | KARSUNN EZEKIEL MOORE |
| | ANNA KATHERINE ROBBINS |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | BENJAMIN F. CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/23/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Tyrell Eacholes appeals his conviction of one count of possession of methamphetamine.  On appeal, Eacholes argues that the circuit court erred by denying his motion to suppress an arrest warrant that led to his arrest and thus the discovery of the drugs. We conclude that the circuit court had a substantial basis for determining that probable cause

existed at the time the warrants were issued. Accordingly, Eacholes's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2. Upon his arrest for two outstanding warrants,[1] Eacholes was found to have just more than two grams of methamphetamine in his pocket. He was later indicted as a habitual offender for one count of possession of methamphetamine in violation of Mississippi Code Section 41-29-139(c)(1)(C) (Rev. 2018).

¶3. A jury trial was held in December 2024. Brian Roberts, chief of the Bruce Police Department, testified that on May 26, 2022, he was on patrol. He and Officer Manuel Mata "noticed . . . Eacholes walking[,] and [Mata] informed [Roberts] that the county had a warrant for" Eacholes's arrest. Roberts "called the sheriff's office and verified the warrant"; he then "informed . . . Eacholes that the sheriff's office had a warrant for him." Eacholes asked Roberts what the warrant was for, and Roberts informed him that they would "clarify everything up" at the jail. Roberts testified that he "wasn't sure what the warrant was for." Roberts explained that "Officer Mata . . . put the cuffs on [Eacholes] and patted him down, and that is when [Mata] found the [m]eth . . . in his pocket." Over the defense's objection, the State introduced the warrant.

¶4. Officer Mata similarly testified that he was also on patrol with the Bruce Police

---

[1] The Calhoun County Justice Court issued two warrants for Eacholes's arrest on May 25, 2022. The charges were for shooting into a dwelling and felon in possession of a firearm.

Department on May 26, 2022, and that he was riding with Roberts. Mata explained that Chief Deputy Dean Poyner informed him that there was a warrant for Eacholes. He testified that "once [Eacholes] was detained[,] [Mata] conducted a pat down search . . . [a]nd noticed something in [Eacholes's] right pocket that wasn't normal as something being in your pocket." Mata "then reached in there and pulled out a clear bag with a crystal like substance in it."

¶5.     Eacholes was taken to the Calhoun County Sheriff's Office "where he was booked on his warrant" and "charged with possession of a controlled substance." The evidence was transported to the crime lab for testing.

¶6.     Charlotte Cothern, an employee of the Mississippi Forensics Laboratory in Batesville, tested the evidence received "from the Bruce Police Department via . . . Mata[.]" Cothern opined at trial that the substance was 2.173 grams of methamphetamine.

¶7.     At the close of the State's case, Eacholes moved for a directed verdict, which the circuit court denied. Eacholes rested without calling any witnesses, and the circuit court again denied Eacholes's renewed motion for directed verdict.

¶8.     The jury found Eacholes guilty of possession of methamphetamine and found that he was a habitual offender.[2] Eacholes was sentenced to eight years in the custody of the Mississippi Department of Corrections. Eacholes filed a motion for judgment

---

[2] After the jury returned its guilty verdict, the circuit court moved into the sentencing phase. The State presented evidence of Eacholes's two prior felony convictions. The jury deliberated again and found that Eacholes was a habitual offender.

notwithstanding the verdict or, alternatively, a new trial, which the circuit court denied. Eacholes appealed.

¶9.     On appeal, Eacholes argues that the "trial court erred in summarily denying [his] challenge to the existence of probable cause supporting the arrest warrant upon which the seizure and search . . . was predicated."

## STANDARD OF REVIEW

¶10.     "This Court applies a mixed standard of review when considering Fourth-Amendment issues." *Cook v. State*, 159 So. 3d 534, 537 (Miss. 2015) (citing *Eaddy v. State*, 63 So. 3d 1209, 1213 (Miss. 2011)). "We apply de novo review when determining whether probable cause or reasonable suspicion exists." *Id.* (citing *Eaddy*, 63 So. 3d at 1213). But our "de novo review is limited to the trial court's 'decision based on historical facts reviewed under the substantial evidence and clearly erroneous standards.'" *Id.* (quoting *Dies v. State*, 926 So. 2d 910, 917 (Miss. 2006)).

¶11.     "In reviewing a magistrate's finding of probable cause, this Court does not make a de novo determination of probable cause, but only determines if there was a substantial basis for the magistrate's determination of probable cause." *Sutton v. State*, 238 So. 3d 1150, 1154-55 (Miss. 2018) (internal quotation marks omitted) (quoting *Roach v. State*, 7 So. 3d 911, 917 (Miss. 2009)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 1155 (citation modified) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L.

Ed. 2d 527 (1983)).

## DISCUSSION

¶12.    Before trial, defense counsel moved to dismiss the charge against Eacholes because he was not afforded a preliminary hearing after *verbally* requesting one in justice court. The circuit court noted that there was no evidence of Eacholes's request nor a record of a waiver of the preliminary hearing. The circuit court denied the motion.

¶13.    Eacholes then "move[d] to suppress the [arrest] warrant[s] . . . for lack of probable cause, given that he was not allowed a preliminary [hearing] and probable cause was not explored[.]" His counsel argued that suppression "would make this charge moot[.]" The circuit court denied the motion. Regarding the arrest warrant for shooting into the dwelling, the circuit court stated it was "going to rely on the indictment against Mr. Eacholes . . . where he was indicted for shooting into a building . . . that there was probable cause for the issuance of that arrest warrant." Regarding the arrest warrant for possession of a firearm as a convicted felon, the court stated, "I don't know what is the basis for probable cause. I am going to rely on the [j]ustice [c]ourt [j]udge . . . and affirm that he had probable cause to issue the warrant."

¶14.    Eacholes argues that "[t]he trial court erred in denying [his] motion to suppress" because it "did not have a substantial basis to conclude that probable cause existed to support the [arrest] warrant(s)." Thus, Eacholes asserts that his seizure and the resulting search was illegal based on invalid arrest warrants.

5

¶15. "[T]he fundamental purpose of a preliminary hearing is to determine whether there is probable cause to believe that an offense has been committed and whether the defendant committed it." *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992) (citation modified) (quoting *Avery v. State*, 555 So. 2d 1039, 1046 (Miss. 1990) (Lee, C.J., concurring in part and dissenting in part), *overruled by Mayfield*, 612 So. 2d at 1129)). Rule 6.1(a)(1) of the Mississippi Rules of Criminal Procedure states: "A defendant who has been charged with a felony is entitled to a preliminary hearing *upon request*. But a defendant who has been indicted by a grand jury is not entitled to a preliminary hearing." MRCrP 6.1(a)(1) (emphasis added). Further, Rule 6.1(b) notes that "[a] preliminary hearing, *once demanded*, may be subsequently waived in open court or by written waiver, signed by the defendant and defendant's counsel, if any." MRCrP 6.1(a)(1) (emphasis added).

¶16. As the circuit court noted, no record evidence was presented that Eacholes requested a preliminary hearing before the justice court. "The burden falls upon an appellant to ensure the record contains sufficient evidence to support his assignments of error on appeal." *Hansen v. State*, 592 So. 2d 114, 127 (Miss. 1991) (citation modified) (quoting *Burney v. State*, 515 So. 2d 1154, 1160 (Miss. 1987), *superseded by statute as stated in Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917 (Miss. 2006)). Additionally, once Eacholes was indicted on the charge of shooting into a dwelling, his right to a preliminary hearing was waived.[3] *Mayfield*, 612 So. 2d at 1129. Because no record evidence was presented that

---

[3] Eacholes was not indicted on the charge of felon in possession of a firearm.

Eacholes was denied a preliminary hearing after requesting one and because no evidence was presented that probable cause *did not* exist at the time the arrest warrants were issued, this Court cannot say that the circuit court did not have a substantial basis to conclude that probable cause existed to support the warrant.[4]

¶17.    Eacholes cites ***Conerly v. State***, 760 So. 2d 737 (Miss. 2000), and asks this Court "to remand this case to the circuit court for a reliable determination of whether sufficient probable cause supported the arrest warrant upon which Eachole[s]'s seizure was based." In ***Conerly***, the Court addressed the legality of an arrest warrant when the defendant "did not raise [the] issue at trial, nor did he raise the issue in his initial brief upon appeal." ***Id.*** at 741. The ***Conerly*** Court found that "the trial judge was never given the opportunity to rule on the legality of the arrest warrant" and that "facts and information, supportive of a finding of probable cause may be absent from the record before this Court." ***Id.***  The Court remanded the case "for a determination of whether sufficient probable cause existed to render the . . . arrest warrant valid." ***Id.  Conerly***, however, is distinguishable from the present case.  Here, Eacholes raised the issue of the validity of the arrest warrants before the circuit court, and the court found that probable cause supported the warrants for Eacholes's arrest.

¶18.    Eacholes also asserts that "the warrants were so facially insufficient that Roberts and Mata[] could not reasonably believe that . . . probable cause existed."  He notes that officers

---

[4] "[T]he mere fact that [Eacholes] was not afforded a preliminary hearing without more does not amount to a violation of his constitutional rights and does not vitiate his conviction." ***Glass v. State***, 278 So. 2d 384, 387 (Miss. 1973).

"did not have a copy of the warrant and did not even know what the warrant was for." Eacholes asserts that the officers "simply relied on another officer's word that a warrant existed."

¶19. Rule 3.2(a) of the Mississippi Rules of Criminal Procedure provides:

The arrest warrant shall:

(1) contain the complete name of the defendant, or if the name is unknown, any name or description by which the defendant can be identified with reasonable certainty;

(2) contain the location of the defendant, if known;

(3) state the offense with which the defendant is charged; and

(4) command that the defendant be arrested and brought before the issuing judge[.]

MRCrP 3.2(a).

¶20. The warrants at issue fully comply with Rule 3.2(a) and contain all of the necessary information. Eacholes is correct that Roberts admitted the officers did not have the warrant when he and Mata arrested Eacholes, nor did the officers "know what the warrant was for." But this Court has held that information received from other law-enforcement officials provided sufficient probable cause for an arrest. *See Jones v. State*, 841 So. 2d 115, 126-27 (Miss. 2003); *Williams v. Lee Cnty. Sheriff's Dep't*, 744 So. 2d 286 (Miss. 1999); *Hamburg v. State*, 248 So. 2d 430, 432 (Miss. 1971). Roberts testified that he "called the sheriff's office and verified the warrant" before making contact with Eacholes. Thus, Eacholes's arrest was supported by probable cause and was a legal arrest based on the two warrants.

## CONCLUSION

¶21. The circuit court had a substantial basis to conclude that probable cause existed to support the arrest warrants, and Eacholes's conviction and sentence are therefore affirmed.

¶22. **AFFIRMED.**

**RANDOLPH, C.J., COLEMAN, P.J., ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**